WROBEL *v.* COTMAN.

1. PHYSICIANS AND SURGEONS—DENTISTS—MALPRACTICE—EXTRAC-
TION—EVIDENCE—X RAYS.

Plaintiff patient failed to make out a cause of action for mal-
practice by defendant dentist in extracting some of her teeth,
where there was a failure of proof of negligence in ways alleged
in that it was not shown that the standard of practice in the
community required X rays prior to any extraction, that there
was infection in the mouth, either prior to or subsequent to
extraction, or that instruments used were dirty or otherwise
unsanitary.

2. SAME—DENTISTS—TEXTBOOK AS EVIDENCE—SAVING QUESTION FOR
REVIEW.

Contents of standard textbook in dental colleges tending to show
desirability of X rays prior to extraction was not properly
before Supreme Court, where neither the full text nor any
part thereof had been offered at trial of malpractice action
against dentists.

3. SAME—STANDARD OF PROFESSIONAL CARE—EXTRACTION OF TEETH—
X RAYS—EVIDENCE.

Whether or not X rays are required prior to extraction of teeth
is a matter of professional practice which must be proved by
medical, not lay, testimony.

Appeal from Wayne; Fitzgerald (Neal), J. Sub-
mitted October 9, 1963. (Calendar No. 13, Docket
No. 50,158.) Decided March 5, 1964.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur, Physicians and Surgeons §§ 78 *et seq.*, 88, 89, 128.
Proximate cause in malpractice cases. 13 ALR2d 11.
[2] 20 Am Jur, Evidence §§ 966–968.
[3] 41 Am Jur, Physicians and Surgeons §§ 88, 89, 128.

Case by Annabelle Wrobel against Lawrence Cotman and Paul S. Crane for malpractice in the extraction of teeth. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Louis Andrzejewski* (*Kenneth Afton*, of counsel), for plaintiff.

*Humphreys Springstun*, for defendants.

Smith, J. Plaintiff commenced this action for damages alleging malpractice by defendant dentists. Upon motion by defendants at the close of plaintiff's proofs, the trial court directed a verdict of no cause of action in favor of defendants. From such verdict and denial of motion for new trial, plaintiff appeals.

Plaintiff, suffering from gum and tooth irritation, went to the office of Dr. Cotman who removed a third molar in the upper jaw. After continuous post-extraction pain, plaintiff returned to Dr. Cotman who examined further and applied to the tooth socket a dental preparation known as "Wonder-Pak." Several days later, plaintiff returned complaining of continued pain. This time, she saw Dr. Crane who maintains offices adjoining Dr. Cotman. X rays were then taken; after consultation between the 2 dentists, they decided that a molar in the lower jaw should also be removed. Dr. Cotman performed the second extraction also. A few days later, plaintiff visited a hospital, then later an oral surgeon, and after that another hospital. Eventually, corrective surgery was performed by others at the Henry Ford Hospital in Detroit.

The amended declaration alleged Dr. Cotman was negligent in 3 ways: (a) by failing to X-ray prior to extraction; (b) by failing "to clear the infection" prior to extraction; and (c) by using "dirty instruments" in the extraction.

At trial, there was a near total failure of proof. Not one treating physician or dentist was produced as a witness. Although plaintiff testified that no X rays were taken before the first extraction, there was no competent evidence to show that the standard of practice in the community required X rays prior to extraction. There were no proofs of infection in the mouth, either prior or subsequent to extraction. There were no proofs that instruments used in the extraction were "dirty" or otherwise unsanitary.

Requirements of proof in such cases were restated recently in the case of *Skeffington* v. *Bradley,* 366 Mich 552, 554:

"The assembled and settled rules written most recently in *Lince* v. *Monson,* 363 Mich 135, require affirmance of these judgments for the defendant medical doctor. Plaintiffs' allegation of malpractice is not supported by medical testimony showing or tending to show that what the defendant did or omitted doing was contrary to customary practice by reputable members of the medical profession practicing under similar conditions. Neither do their presented cases admit consideration of exceptions characterized generally by professional conduct 'so gross as to be within the comprehension of laymen' (see annotation 141 ALR 5, 12 and treatment of such exceptions in *Lince,* pp 141, 142)."

It may be accepted as proved that no X rays were taken prior to the first extraction. As tending to show that X rays are desirable prior to extraction, plaintiff cites on appeal at length from "Dr. Mead's Oral Surgery," apparently a standard textbook in dental colleges. Neither the full text nor any portion thereof was offered at trial and, therefore, this material is not properly before us. We hold that whether or not X rays are required prior to extraction is a matter of professional practice which must

be proved by medical testimony.   There was no such proof.

There being no competent evidence to support plaintiff's allegations of negligence, the trial court properly directed a verdict of no cause.

Affirmed.   Costs to appellees.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.